Slip Op. 10-33

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| AMES TRUE TEMPER, | : | |
| Plaintiff, | : | |
| | : | Before:   WALLACH, Judge |
| v. | : | Court No.:   09-00109 |
| UNITED STATES, | : | |
| Defendant. | : | |

[Defendant's Motion to Dismiss is GRANTED.]

Dated:      March 30, 2010

Wiley Rein LLP (Timothy C. Brightbill) for Plaintiff Ames True Temper.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Antonia R. Soares and Courtney E. Sheehan); and Edward N. Maurer, Deputy Assistant Chief Counsel, Office of the Assistant Chief Counsel, U.S. Customs and Border Protection, Of Counsel, for Defendant United States.

**OPINION**

**Wallach, Judge:**

**I
INTRODUCTION**

This action involves the liquidation of entries of heavy forged hand tools from the People's Republic of China ("PRC") that were subject to an administrative review of an antidumping duty order conducted by the U.S. Department of Commerce ("Commerce"). Because this court lacks jurisdiction over the claim asserted by Plaintiff Ames True Temper ("Ames"), the Motion to Dismiss filed by Defendant United States ("Defendant") is GRANTED and this action is dismissed in its entirety.

## II
## BACKGROUND

In September 2006, Commerce concluded the fourteenth administrative review of heavy forged hand tools from PRC that covered merchandise entering the United States between February 1, 2004, and January 31, 2005. <u>Heavy Forged Hand Tools, Finished or Unfinished, With or Without Handles, From the People's Republic of China: Final Results of Antidumping Duty Administrative Reviews and Final Rescission and Partial Rescission of Antidumping Administrative Reviews</u>, 71 Fed. Reg. 54,269, 54,269 (September 14, 2006) ("<u>Final Results</u>").[1] The <u>Final Results</u> assigned dumping margins to foreign producers/exporters including Shandong Huarong Machinery Co., Ltd., Tianjin Machinery Import & Export Corp., and Shandong Machinery Imports & Export Co. (collectively, the "Shandong plaintiffs").[2] <u>Id.</u> at 54,269, 54,271.

The Shandong plaintiffs challenged the <u>Final Results</u> in <u>Shandong Huarong Machinery Co., Ltd. v. United States</u>, No. 06-00345 (CIT filed October 26, 2006) (the "Shandong case"). Ames participated in the Shandong case as Defendant-Intervenor. <u>Shandong Huarong Mach. Co., Ltd. v. United States</u>, Slip Op. 08-135, 2008 WL 5159774, *1 (CIT December 10, 2008). On November 13, 2006, the Shandong plaintiffs filed a consent motion for preliminary injunction to enjoin the liquidation of certain entries while the action was pending. <u>Id.</u> at 3. On November 17,

---

[1] Ames was the petitioner in the fourteenth administrative review of heavy forged hand tools from PRC. <u>Final Results</u>, 71 Fed. Reg. at 54,269 n.3.

[2] The fourth producer/exporter covered by the fourteenth administrative review of heavy forged hand tools from PRC, Iron Bull Industrial Co., Ltd., <u>Final Results</u>, 71 Fed. Reg. at 54,269, did not participate in the litigation challenging the <u>Final Results</u>. <u>See</u> <u>Shandong Huarong Mach. Co., Ltd. v. United States</u>, Slip Op. 08-135, 2008 WL 5159774 (CIT December 10, 2008).

2006, the court granted a preliminary injunction which enjoined the liquidation of entries of merchandise that "remain unliquidated as of 5:00 p.m. on the fifth business day after which copies of this Order are personally served on" specified government officials or their delegates. Id. at *1–*2 (citing Shandong Huarong, Court No. 06-00345 (Order dated November 17, 2006) ("PI order")). This language was prepared by the Shandong plaintiffs in their consent motion for preliminary injunction, id. at *1, and obligated them to file a certificate of service "immediately after service." USCIT R. 5(d)(1).

The Shandong plaintiffs did not serve the officials specified in the PI order until May 2007. Defendant's Motion to Dismiss ("Defendant's Motion") Att. B: Declaration of Ann M. Sebastian ¶¶ 2, 5. On October 31, 2007, Defendant moved to dismiss the Shandong case, alleging that the entries at issue were "deemed liquidated" under 19 U.S.C. § 1504(d) as of March 14, 2007—six months after publication of the Final Results. See Shandong Huarong, 2008 WL 5159774 at *2 (citation omitted). Pursuant to this statute, entries not liquidated by U.S. Customs and Border Protection ("Customs") within six months of notice from Commerce "shall be treated as having been liquidated at the rate" initially asserted by the importer. 19 U.S.C. § 1504(d). The rate asserted by the Shandong plaintiffs upon entry was based on prior administrative reviews of the antidumping order. Shandong Huarong, 2008 WL 5159774 at *5.

The Shandong plaintiffs consented to dismissal of the Shandong case. Id. at *2. Ames did not consent to the dismissal and instead sought reliquidation pursuant to the Final Results, id., claiming that the rate asserted by the Shandong plaintiffs upon entry was inappropriately low. Id. at *5. The court in December 2008 held that the subject entries were deemed liquidated six months from publication of the Final Results. Id. at *2–*4 (citing Int'l Trading Co. v. United

3

States, 281 F.3d 1268, 1272 (Fed. Cir. 2002)).  The court explained that the PI "order was ineffective because it was not properly served" and therefore did not suspend liquidation. Id. at *4.  Applying the rule that liquidation "renders moot an action . . . challenging the amount of dumping duties assessed on subject merchandise following a final determination," the court dismissed the Shandong case and along with it Ames' challenge. Id. at *5, *6.

The court found that "the only remedy Ames seeks – reliquidation – is one the court cannot order as a consequence of the mootness doctrine." Id. at *5.  With respect to the deemed liquidation, the court explained that "the validity of the entered rate is not a subject of this action." Id. at *6.  The Shandong case concluded by observing Defendant's suggestion that Ames could "bring an action in its own right to protect whatever its own interest may be . . . . What defendant-intervenor may not do, however, is append a new cause of action, based on a record not before the court, to [the Shandong] plaintiffs' existing suit." Id. (quotation omitted).

Ames filed this case in March 2009 asserting jurisdiction under 28 U.S.C. § 1581(i).  Complaint ¶¶ 2, 3.  Ames alleges that Customs unlawfully "permitted the entries to liquidate at rates far below the rates calculated by Commerce" in the Final Results. Id. ¶ 6.  Although Ames' Complaint references the Shandong case proceedings and outcome, id. ¶¶ 7–8, the only relief that Ames seeks is that previously denied—reliquidation in accordance with the Final Results. Id. at 4 ("Plaintiff respectfully requests that this Court issue an order directing [Customs] to reliquidate the improperly liquidated entries, in accordance with the rates finally determined by [Commerce] in the Final Results.") (emphasis added).  Defendant moves to dismiss pursuant to U.S. Court of International Trade Rule 12(b)(1), contending that the court lacks jurisdiction.  Defendant's Motion at 1, 4–10.

# III
# STANDARD OF REVIEW

In deciding a motion to dismiss, "the Court assumes that 'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'" United States v. Islip, 22 CIT 852, 854, 18 F. Supp. 2d 1047 (1998) (quoting Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).  "Dismissal for failure to state a claim upon which relief can be granted is proper if the plaintiff's factual allegations are not 'enough to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" Int'l Custom Prods., Inc. v. United States, 549 F. Supp. 2d 1384, 1389 (CIT 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  When jurisdiction is challenged, "[t]he party seeking to invoke the Court's jurisdiction bears the burden of proving the requisite jurisdictional facts." Former Employees of Sonoco Prods. Co. v. United States, 27 CIT 812, 814, 273 F. Supp. 2d 1336 (2003) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).

# IV
# DISCUSSION

Ames' challenge to compel reliquidation pursuant to the Final Results is moot because the subject entries were deemed liquidated, as previously recognized by the court. Infra, Part IV.A.  To the extent that Ames seeks to challenge the rate applied to the subject entries resulting

from the deemed liquidation,[3] Ames lacks statutory standing as a domestic producer and therefore jurisdiction under 28 U.S.C. § 1581(i) does not exist. Infra, Part IV.B.

### A
### Ames' Challenge Is Moot Because The Subject Entries Were Deemed Liquidated

Courts lack jurisdiction over moot claims; the United States Supreme Court explains that "[m]ootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.'" North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971) (quoting United States v. Alaska S. S. Co., 253 U.S. 113, 116, 40 S. Ct. 448, 64 L. Ed. 808 (1920)).  The Federal Circuit first held that liquidation will moot a challenge to duties assessed on those entries in Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983) ("Once liquidation occurs, a subsequent decision by the trial court on the merits . . . can have no effect on the dumping duties assessed on entries").  This decision gave rise to "[t]he Zenith rule" that "renders a court action moot once liquidation occurs." SKF USA, Inc. v. United States, 512 F.3d 1326, 1329 (Fed. Cir. 2008).  This applies to entries deemed liquidated by operation of 19 U.S.C. § 1504(d). Agro Dutch Indus. Ltd. v. United States, 589 F.3d 1187, 1191 (Fed. Cir. 2009) (citing SKF USA, 512 F.3d at 1329) (SKF USA "held that under the Zenith rule the deemed liquidation rendered the importer's claims moot in the absence of an injunction.").

In dismissing the Shandong case, the court determined that "the merchandise has been

---

[3] Given "the liberal pleading requirements of the Federal Rules," Bradley v. Chiron Corp., 136 F.3d 1317, 1327 (Fed. Cir. 1998), Ames' Complaint is construed as both to compel liquidation under the Final Results, as initally contested by the Shandong plaintiffs, and a challenge to the deemed liquidation rate, as suggested by the court (albeit with the remedy sought by Ames as replacing the rate asserted upon entry by the Shandong plaintiffs with the rate from the Final Results). See USCIT R. 8(a), (e)(1), (f) (employing identical language as Fed. R. Civ. P. 8(a), (d)(1), (e)); Complaint ¶¶ 2, 7, 8; Shandong Huarong, 2008 WL 5159774 at *1–*2, *6.

liquidated pursuant to the deemed liquidation statute."[4] Shandong Huarong, 2008 WL 5159774 at *4. Because the subject entries were not liquidated within six months of the Final Results, they were deeemed liquidated at the rate asserted upon entry by operation of 19 U.S.C. § 1504(d). Id. at *2–*4; see Int'l Trading, 281 F.3d at 1272. Ames unsuccessfully opposed dismissal by invoking precedent wherein deemed liquidation did not automatically render a claim moot. See Shandong Huarong, 2008 WL 5159774 at *4–*5. After surveying the applicable cases, id. at *5 n.8, the court concluded as follows:

> While the Court of Appeals for the Federal Circuit and this Court have recognized exceptions to the general rule, these exceptions are inapplicable here. That is, no Court has found that it has jurisdiction to order reliquidation, at an increased rate, because merchandise was deemed liquidated at an inappropriately low entered rate determined in a previous review. As defendant points out, those cases where reliquidation has been ordered all involve errors made by government agencies in contravention of a statute or in violation of a court ordered injunction. Those cases are far removed from deemed liquidation resulting from a law office failure.

Id. at *5 (citation omitted).

Ames now presents the same argument to avoid mootness, see Plaintiff's Response to Defendant's Motion to Dismiss ("Ames' Response") at 5–6, and it is no more persuasive. In particular, neither Shinyei Corp. of Am. v. United States, 355 F.3d 1297 (Fed. Cir. 2004) ("Shinyei I"), nor Shinyei Corp. of Am. v. United States, 524 F.23d 1274 (Fed. Cir. 2008) ("Shinyei II"), aid Ames. In Shinyei I, an importer challenged the liquidation instructions from Commerce to Customs and the Federal Circuit held that the Zenith rule did not apply in that

---

[4] Ames asserts that the subject liquidation resulted from purposeful action taken by Customs and was therefore "not a deemed liquidation pursuant to 19 U.S.C. § 1504(d)." Plaintiff's Response to Defendant's Motion to Dismiss at 6. However, Defendant is correct that both the record establishes the subject liquidation having occurred by operation of law, see Reply in Support of Defendant's Motion to Dismiss at 5 (citing Shandong Huarong, 2008 WL 5159774 at *4), and the distinction is irrelevant for determining mootness, id. at 4–5 (quoting SKF USA, 512 F.3d at 1329).

particular situation. See Shinyei I, 355 F.3d at 1309. In Shinyei II, the Federal Circuit clarified that once "an entry is deemed liquidated, the duty rate is the deposit rate, and Customs may not recover additional duties from the importer thereafter." Shinyei II, 524 F.3d at 1283 (emphasis omitted) (citations omitted). Because Ames here seeks to impose additional duties on the importer and does not challenge liquidation instructions, Shinyei I and Shinyei II are inapplicable and the Zenith rule renders Ames' challenge moot. See Zenith Radio, 710 F.2d at 810.

This outcome is not affected by the December 2009 Federal Circuit decision in Agro Dutch Industries Ltd., 589 F.3d 1187 (Fed. Cir. 2009).[5] There, an importer obtained a preliminary injunction that became effective after service upon designated officials. Id. at 1189. The government consented to the injunction, but requested and received a five-day grace period between service and the effective date of the injunction as a means to avoid an indadvertant violation. Id. Customs affirmatively liquidated the subject entries on the day that the injunction was served—before the injunction went into effect by virtue of the grace period. Id. The court found that the liquidation did not render the challenge moot, declining to apply the Zenith rule and ordering the injunction effective as of its date of issuance. Agro Dutch Indus. Ltd. v. United States, Slip Op. 08-110, 2008 WL 4604397, *2 (CIT October 17, 2008). The Federal Circuit affirmed by holding that Zenith will not render a challenge moot where affirmative liquidation contradicts the purpose of a grace period contained in the injunction. Agro Dutch, 589 F.3d at 1193.

---

[5] Both parties claim support from this decision that was rendered subsequent to the briefing on Defendant's Motion. See Plaintiff's Notice of Supplemental Authority (January 7, 2010); Defendant's Motion for Leave to Respond to Plaintiff's Notice of Supplemental Authority (January 26, 2010), at 3.

Agro Dutch Industries Ltd. is readily distinguishable from Ames' challenge, despite both involving preliminary injunction orders with five-day grace periods. See Shandong Huarong, 2008 WL 5159774 at *1–*2; Agro Dutch, 589 F.3d at 1189. In Agro Dutch Industries Ltd., Customs affirmatively liquidated the subject entries during this grace period notwithstanding proper service of the injunction. Agro Dutch, 589 F.3d at 1189. By contrast, Ames' challenge involves the deemed liquidation of entries pursant to 19 U.S.C. § 1504(d) months after the issuance of an injunction that never went into effect because of improper service. See Shandong Huarong, 2008 WL 5159774 at *1–*2. Agro Dutch Industries Ltd. cannot be construed as broadly as Ames seeks, for its "reasoning . . . focuses upon the effect of Customs' act of liquidating the entries during the five-day period between the injunction's issuance and its effective date." Agro Dutch, 589 F.3d at 1193 n.2. Moreover, the Federal Circuit's survey of the narrow exceptions to the Zenith rule confines Agro Dutch Industries Ltd. to its facts. See id. at 1191–92 & n.1. Because the instant case does not involve affirmative liquidation during an injunction grace period, Agro Dutch Industries Ltd. does not alter the mootness of Ames' challenge.[6]

The core of Ames' argument to avoid mootness is the arguably unfair result if it cannot obtain reliquidation. According to Ames, the Shandong plaintiffs knowingly did not serve the PI

---

[6] Ames' position is also not aided by the March 2010 Federal Circuit decision in American Signature, Inc. v. United States, No. 2010-1023, 2010 WL 786568 (Fed. Cir. 2010). In that case, "Commerce transmitted liquidation instructions to Customs, which reflected the error in the assessment rate" for plaintiff's subject entries attributable "to a computer programming error in Commerce's antidumping margin calculation computer programs." Id. at *2, *3. The plaintiff was denied a preliminary injunction to prevent Customs or Commerce from taking any action to liquidate or reliquidate the subject entries, and the Federal Circuit reversed by finding that consideration of each factor weighed in favor of granting the preliminary injunction. Id. at *6, *8–*11. American Signature, Inc. does not impact Ames' challenge because the instant dispute involves a preliminary injunction that was granted, as opposed to being denied, and does not involve liquidation instructions.

order to "produce a windfall if the entries were deemed to have liquidated at the fraudulent rates claimed at the time of entry, rather than at the higher rates calculated by Commerce." Ames' Response at 4.  Ames maintains that its challenge is necessary to prevent "perversely reward[ing]" the Shandong plaintiffs, id. at 4, 18, "permit[ting] fraud against the U.S. government to go unaddressed," id., and nullifying both the administrative process leading to the Final Results and the judicial process in the Shandong case. Id.  Defendant acknowledges that the outcome it seeks is "unfortunate, in that the Shandong plaintiffs are being rewarded with low rates based upon their own, possibly purposeful, failure to serve" the PI order. Reply in Support of Defendant's Motion to Dismiss ("Defendant's Reply") at 8.

Application of the Zenith rule renders a case moot without consideration of the underlying circumstances. SKF USA, 512 F.3d at 1329 ("Zenith focused on the fact of liquidation; it did not turn on the nature of the action giving rise to liquidation.").  Therefore, the Shandong case was properly dismissed as moot during the threshold jurisdictional inquiry. Shandong Huarong, 2008 WL 5159774 at *4–*5.  In language directly relevant here, the court explained: "Ames apparently believes that the claimed illegitimacy of the entered duty rates provides a basis for jurisdiction.  Ames' arguments are unpersuasive." Id. (citation omitted).

This court reaches the same conclusion that any challenge predicated on the Final Results was rendered moot by operation of the deemed liquidation statute. See id. at *4–*5.  Ames argues that its assertion that Customs acted contrary to statute prevents dismissal. Ames' Response at 7; see Complaint ¶¶ 6, 10, 8 [sic] (11), 9 [sic] (12).  Courts, however, "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).  This court lacks jurisdiction because it "is

10

not empowered to decide moot questions or abstract propositions." Rice, 404 U.S. at 246 (quotations omitted).

## B
## Ames Lacks Statutory Standing To Challenge The Deemed Liquidation

In dismissing the Shandong case, the court indicated that Ames could initiate litigation to challenge the "validity of the entered rate" applicable as a result of the deemed liquidation. See Shandong Huarong, 2008 WL 5159774 at *6. However, Defendant is correct that such recourse is available "only to the extent that Ames could meet its burden of establishing this Court's jurisdiction." Defendant's Reply at 4. Ames cannot carry this burden because domestic producers lack statutory standing to challenge deemed liquidation.[7]

The Federal Circuit first recognized that deemed liquidation may be challenged only by importers through filing a protest under 19 U.S.C. § 1514 in Cemex, S.A. v. United States, 384 F.3d 1314 (Fed. Cir. 2004). "By contrast, domestic parties have no specific avenue of relief for improper liquidation. Unlike importers, domestic parties are limited to prospective challenges to the rate and classification of antidumping duty decision, as provided in 19 U.S.C. § 1516." Id. at 1322 (emphasis removed). Cemex rejected the ability of the court to "exercise judicial review over a domestic industry's challenge to . . . liquidation" because "section 1516 contemplates remedies solely prospective in nature, and cannot after-the-fact cure Customs' decisions with respect to liquidation, legal or illegal." Id. at 1322–23.

---

[7] Ames' argument that it has constitutional standing, Ames' Response at 7–11, need not be addressed because Defendant "did not raise a jurisdictional challenge based on constitutional standing—only mootness and statutory standing." Defendant's Reply at 6 n.2 (citations omitted). Furthermore, the unpublished order that Ames relies upon to establish constitutional standing is limited to the context of challenging premature liquidation. See Ames' Response at 9, 10 (citing SSAB N. Am. Div. v. United States, Court No. 07-00057 (Order dated November 20, 2007, at 6)); Defendant's Reply at 5.

Cemex drew its distinction between relief available to importers and domestic producers based upon legislative history. Id. at 1323 (quoting Nat'l Corn Growers Ass'n v. Baker, 840 F.2d 1547, 1551 (Fed. Cir. 1988)) ("After much debate, Congress determined that any relief" for American manufacturers "could only be prospective in nature."). The Federal Circuit decisions since Cemex invariably recognize that deemed liquidation may only be challenged by the affected importer. See Koyo Corp. of U.S.A. v. United States, 497 F.3d 1231, 1243 (Fed. Cir. 2007); SKF USA, 512 F.3d at 1331 n.1; Shinyei I, 355 F.3d at 1302 n.2; Shinyei II, 524 F.3d at 1284. Cemex acknowledged the potentially harsh result "where Congress declined to give domestic producers protest rights . . . . Unfair as that may seem, the proper forum for remedying the harshness of the statute is Congress, not this court." Cemex, 384 F.3d at 1325.

As a domestic producer, Ames here lacks statutory standing to challenge the deemed liquidation.[8] Jurisdiction under 28 U.S.C. § 1581(i) cannot be used to permit a cause of action disallowed by Congress. See Norcal/Crosetti Foods, Inc. v. United States, 963 F.2d 356, 359 (Fed. Cir. 1992) (describing 28 U.S.C. § 1581(i) as a "'catch-all' provision" that "preserves the congressionally mandated procedures and safeguards.") (citations omitted). Ames' reference to the Administrative Procedure Act, 5 U.S.C. §§ 702 et seq. ("APA"), Complaint ¶¶ 3, 9 [sic] (12), is unavailing because the APA "does not give an independent basis for finding jurisdiction in the Court of International Trade." Am. Air Parcel Forwarding Co. v. United States, 718 F.2d 1546, 1552 (Fed. Cir. 1983). Ames' assertion that it has standing, Complaint ¶ 3, is simply another legal conclusion. See Papasan, 478 U.S. at 286. Ames has no statutory standing, and this court

---

[8] Given this conclusion, the dispute as to whether Ames timely initiated litigation need not be resolved. See Defendant's Motion at 9–10; Ames' Response at 14–17.

lacks jurisdiction over Ames' challenge to the deemed liquidation.

## V
## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED and this action is dismissed in its entirety.


                                                          __/s/ Evan J. Wallach____
                                                         Evan J. Wallach, Judge


Dated:  March 30, 2010
        New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AMES TRUE TEMPER, | |
| Plaintiff, | |
| v. | Before: WALLACH, Judge |
| | Court No.: 09-00109 |
| UNITED STATES, | |
| Defendant. | |

## **ORDER AND JUDGMENT**

This case having come before the court upon Defendant's Motion to Dismiss ("Defendant's Motion"); the court having reviewed all papers and pleadings on file herein and, after due deliberation, having heard oral argument by each party, having reached a decision herein; now, in conformity with said decision, it is hereby

ORDERED, ADJUDGED, AND DECREED that Defendant's Motion is GRANTED; and it is further

ORDERED, ADJUDGED, AND DECREED that Plaintiff's Complaint be, and hereby is, DISMISSED; and it is further

ORDERED, ADJUDGED, and DECREED that judgment be, and hereby is, entered in favor of Defendant and against Plaintiff.

\_\_/s/ Evan J. Wallach\_\_\_\_
Evan J. Wallach, Judge

Dated: March 30, 2010
   New York, New York

# NOTICE OF ENTRY AND SERVICE

      This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

      Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

      Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

      Tina Potuto Kimble
      Clerk of the Court

Date: _____   By: _____
                                                                 Deputy Clerk